IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH, ) | |
| ) | Case No. 13-cv-04779 |
| Plaintiff, ) | Hon. Robert W. Gettleman |
| ) | |
| v. ) | |
| ) | Removed from Cook County |
| ) | Case No. 13 M2 01128 |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, ) | |
| ) | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12b(6)

NOW COMES Defendant, Deutsche Bank National Trust Company, as Trustee Under Pooling and Servicing Agreement Dated as of July 1, 2005 Morgan Stanley ABS Capital I Inc. Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 incorrectly captioned as "Deutsche Bank National Trust Company" (hereinafter "Deutsche Bank" or "Defendant"), by its attorneys Morris, Laing, Evans, Brock & Kennedy, Chtd., and files its Memorandum in Support of Motion to Dismiss pursuant to Fed.R.Civ.P. 12b(6).

### STATEMENT OF UNDISPUTED FACTS

On February 22, 2011, Deutsche Bank filed its first Complaint to foreclose the mortgage recorded on March 22, 2005 in Doc. of Cook County Records 0508120066 (the "Mortgage") in the U.S. District Court for Northern District of Illinois, Case No. 11-01255 ("First Foreclosure Case").[1] In its Complaint, Deutsche Bank named Herbert Elesh ("Mr. Elesh") as the Defendant and mortgagor of the Mortgage.[2] The Complaint alleged and attached in support of its

---

[1] Case No. 11-01255, Doc. 1- Complaint.
[2] Case No. 11-01255, Doc. 1- Complaint, Ex. 3, Mortgage. Mr. Elesh's Complaint in this case also admits he executed the mortgage and promissory note. Doc 1, Ex. A – Complaint, ¶1.

1

allegations, an Assignment of Mortgage executed by Mortgage Electronic Registration Systems, Inc. ("MERS") to Deutsche Bank dated January 12, 2011 and recorded on February 4, 2011 in Doc. No. 1103515013 of Cook County Records along with a promissory note with a stamped, but unsigned endorsement in blank from Decision One Mortgage.[3] As admitted in Mr. Elesh's current Complaint, Mr. Elesh paid the arrears on the Mortgage and Deutsche Bank voluntarily dismissed the First Foreclosure Case.[4]

On or about May 11, 2012, Deutsche Bank filed its second Complaint to foreclose the Mortgage in the U.S. District Court for Northern District of Illinois, Case No. 12-03644 ("Second Foreclosure Case").[5] In its Complaint, Deutsche Bank again named Mr. Elesh as the Defendant and mortgagor of the Mortgage.[6] The Complaint also alleged and attached in support of its allegations the previously mentioned Assignment of Mortgage along with a copy of the same Promissory Note.[7] Mr. Elesh admitted to his default under the Promissory Note and Mortgage which lead to the filing of the Second Foreclosure Case.[8]

On April 25, 2013, Judge Ronald Guzman issued his opinion and order on Mr. Elesh's Motion to Dismiss for Lack of Subject Matter Jurisdiction dismissing the Second Foreclosure Case without prejudice.[9] Judge Guzman opined that Deutsche Bank was unable to show ownership of the Promissory Note due to the discrepancy in the copy of the Promissory Note attached to the complaint in the Second Foreclosure Case and the original Promissory Note

---

[3] Case No. 11-01255, Doc. 1- Complaint, Ex. 2, Note, Ex. 5 Assignment of Mortgage.
[4] Doc. 1, Ex. A – Complaint, ¶5; Case No. 11-01255, Doc. 8 – Dismissal.
[5] Case No. 12-03644, Doc. 1- Complaint.
[6] Case No. 12-03644, Doc. 1- Complaint, Ex. 3, Mortgage. Mr. Elesh's Complaint in this case also admits he executed the mortgage and promissory note. Doc 1, Ex. A – Complaint, ¶1.
[7] Case No. 12-03644, Doc. 1- Complaint, Ex. 2, Note, Ex. 5 Assignment of Mortgage.
[8] Case No. 12-03644, Doc. 6 ¶9 - Mr. Elesh's Answer to Deutsche Bank's Complaint; Case No. 12-03644, Doc. 56 – Mr. Elesh's Rule 56.1 Statement of Facts ¶9.
[9] Case No. 12-03644, Doc. 65 – Opinion and Order.

produced at the evidentiary hearing.[10] Mr. Elesh filed this case shortly thereafter alleging wrongful foreclosure, fraud and violations of the Fair Debt Collection Practices Act ("FDCPA") based on the dismissal of the Second Foreclosure Case.[11]

Deutsche Bank has filed its Motion to Dismiss because Plaintiff's Complaint fails to state a claim for relief. For the reasons more fully articulated below, Deutsche Bank respectfully requests this Court grant it Motion to Dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court of the United States clarified the Rule 8 pleading requirements when it expressly rejected the oft-cited "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41 (1957). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) ("The [no set of facts] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard."). The Court later confirmed that the *Twombly* pleading standard applied to all civil actions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (U.S. 2009).

Now, in order to survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 1949. The Court has explained that a claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

---

[10] Id.

[11] In addition to this case, Mr. Elesh has also previously filed two other affirmative actions against parties related to his Mortgage and Promissory Note. Mr. Elesh filed suits against both MERS and Ocwen Loan Servicing, LLC ("Ocwen"), the servicer for Deutsche Bank. The case against Ocwen was dismissed on April 19, 2013 on Ocwen's Motion to Dismiss. Case No. 12-10356, Doc. 23. The case against MERS is still pending with MERS and Deutsche Bank's Motion to Dismiss set to be ruled on by Judge Matthew Kennelly on August 27, 2013. Case No. 12-10355.

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted).

Regarding claims of fraud, a plaintiff's "premised upon a course of fraudulent conduct," are subject to the heightened pleading standard of Rule 9(b). *Whitley v. Taylor Bean & Whitacker Mortg. Corp.,* 607 F. Supp. 2d 885, 893 (N.D. Ill. 2009) citing *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir.2007). Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The circumstances of fraud or mistake include the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir.2008); *see also Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1992) (describing Rule 9(b) particularity as the "who, what, where, when and how" of the alleged fraud).

In addition, on a motion to dismiss, a court may consider judicially noticed documents such as historical documents, documents contained in the public record, and reports of administrative bodies. *See Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 456 (7th Cir.1998). A court "may also take judicial notice of matters of public record" without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) citing *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991).

**ARGUMENT**

I. **PLAINTIFF'S COUNT I FAILS TO STATE A CLAIM FOR RELIEF BECAUSE "WRONGFUL FORECLOSURE" IS NOT A RECONGNIZED CAUSE OF ACTION AND NO FORECLOSURE SALE TOOK PLACE**

First, Plaintiff's Complaint must be dismissed for failure to state a claim for relief because the Complaint alleges a cause of action for "Wrongful Foreclosure" against Deutsche Bank.[12] Plaintiff basis his cause of action on Judge Guzman's granting of his Motion to Dismiss for Lack of Subject Matter Jurisdiction and resulting dismissal of the Second Foreclosure Case. However, "Wrongful Foreclosure" is not a recognized cause of action in Illinois.

First, it should be noted that Plaintiff has not alleged that an actual foreclosure of the Mortgage has taken place, let alone a Judgment of Foreclosure. Assuming "Wrongful Foreclosure" is a valid cause of action, it would necessarily follow then that a foreclosure must take place. As such, Plaintiff's count for Wrongful Foreclosure must be dismissed because no foreclosure is alleged or has taken place. Notwithstanding this, the Northern District of Illinois has already determined that "Wrongful Foreclosure" is not a valid claim.

In *Acevedo v. CitiMortgage, Inc.,* 11 C 4877, 2013 WL 1283807 (N.D. Ill. Mar. 26, 2013), this Court considered a borrower's Wrongful Foreclosure claim following the foreclosure sale of the property based alleged violations of HAMP, Consumer Fraud Act and unspecified common law. *Acevedo*, 2013 WL 1283807 at *5-6. This Court dismissed the Wrongful Foreclosure Count because the borrower did not allege that his lender breached the underlying note and mortgage or identify any authority recognizing Wrongful Foreclosure as a cause of action. *Id.* at *6.

Other Northern District of Illinois judges have held similarly. See e.g. *Catalan v. RBC Mortgage Co.*, No. 05 C 6920, 2008 WL 2741159 (N.D.Ill. Nov. 15, 2006)(finding there was no

---

[12] Doc. 1, Ex. A – Complaint, ¶¶ 8-21.

claim for Wrongful Foreclosure because "[p]laintiffs do not cite any authority in support of their contention that there is a cause of action for Wrongful Foreclosure and the Court finds none." A subsequent Judge in the same case acknowledge the prior ruling by stating, "Judge Lindberg also held that there is no cause of action for wrongful foreclosure in Illinois ..."). In *Catalan*, rather than dismiss the wrongful foreclosure claim, the court viewed it as one for breach of contract because the plaintiffs premised it on an alleged breach of a note and mortgage. *Catalan*, 2008 WL 2741159 at *1.[13]

     Here, Mr. Elesh cites to no statute, rule or caselaw in support of his Wrongful Foreclosure count. Mr. Elesh's argues that filing the Second Foreclosure Case resulted in misrepresentations and damages because the Court in the Second Foreclosure Case dismissed for lack of Subject Matter jurisdiction. Mr. Elesh makes no arguments concerning a separate breach of contract on the underlying Mortgage and Promissory Note. In fact, Mr. Elesh had previously admitted to his own default which resulted in the Second Foreclosure Case.[14] Judge Guzman's opinion does not address any substantive issues as to Mr. Elesh's default, the amounts owing or validity of the underlying Mortgage and Promissory Note. For these reasons, and the fact that no actual foreclosure sale has taken place, Mr. Elesh' Count I for Wrongful Foreclosure fails to state a claim for relief and must be dismissed.

---

[13] Other courts around the country have held that there is no recognized cause of action for "Wrongful Foreclosure" or "Attempted Wrongful Foreclosure." See e.g. *Sauer v. Wells Fargo Bank, N.A.,* 2013 WL 1824094 (W.D. Tex. Apr. 30, 2013)( "because a foreclosure sale has not occurred, Plaintiffs cannot prevail on their cause of action for wrongful foreclosure."); *Selman v. CitiMortgage, Inc*., 2013 WL 838193 (S.D. Ala. Mar. 5, 2013) (dismissing Wrongful Foreclosure count where there were no allegations that a foreclosure sale actually took place or allegations that if such a sale took place, it was for an improper purpose beyond pursuing contractual remedies); *Roundy v. Bank of Am., N.A.*, 2013 WL 559486 (D. Nev. Feb. 12, 2013) (dismissing Wrongful Foreclosure count under state tort law because no foreclosure sale took place); *Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 971-72 (11th Cir. 2012)(citing multitude of cases across the nation that wrongful foreclosure is not a valid claim where no foreclosure has actually taken place).

[14] Case No. 12-03644, Doc. 6 ¶9 - Mr. Elesh's Answer to Deutsche Bank's Complaint; Case No. 12-03644, Doc. 56 – Mr. Elesh's Rule 56.1 Statement of Facts ¶9.

II. **PLAINTIFF'S COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PROPERLY PLEAD THE NECESSARY ELEMENTS FOR FRAUD**

Next, Plaintiff's Count II for Fraud fails as to state a claim for relief because Plaintiff does not plead the required elements of fraud or plead them with particularity.

Under applicable Illinois law, an allegation of fraud must be established by clear and convincing evidence. *Davis v. G.N. Mortg. Corp*., 396 F.3d 869, 881 (7th Cir. 2005) citing *Cwikla v. Sheir,* 345 Ill.App.3d 23, 280 Ill.Dec. 158, 801 N.E.2d 1103, 1110 (2003). The elements a plaintiff needs to satisfy in order to establish common law fraud are: "(1) a false statement of a material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Davis,* 396 F.3d at 881-82 citing *Capiccioni v. Brennan Naperville, Inc.,* 339 Ill.App.3d 927, 274 Ill.Dec. 461, 791 N.E.2d 553, 558 (2003). Under Rule 9(b), Plaintiffs must allege the "who, what, where, when and how" of the alleged fraud for each defendant *Whitley v. Taylor Bean & Whitacker Mortg. Corp.,* 607 F. Supp. 2d 885, 896 (N.D. Ill. 2009)

Here, Plaintiff has not properly plead that Deutsche Bank made a false statement of material fact, that Deutsche Bank acted with knowledge that the statement was false or that Plaintiff has suffered damages as a result. Plaintiff alleges Deutsche Bank made a false statement when it pursued foreclosure on the Mortgage and Promissory Note.[15] Plaintiff argues that Deutsche Bank knew or should have known that it could not pursue a foreclosure.[16]

Even taking Plaintiff's allegations as true, acting "without regard to the truth" is not fraud, which instead requires "knowledge or belief of the falsity [of the allegedly fraudulent statement] by the party making it." *Thomas v. Urban P'ship Bank*, 2013 WL 1788522 (N.D. Ill.

---

[15] Doc. 1, Ex. A – Complaint, ¶23.
[16] Id. at ¶26.

7

Apr. 26, 2013) citing *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill.2d 473, 180 Ill. Dec. 271, 607 N.E.2d 165, 174 (Ill. 1992). In other words, "[a] claim for fraud ... requires a showing that, at the time the allegedly fraudulent statement was made, it was an intentional misrepresentation." *Thomas*, 2013 WL 1788522 at *8 quoting *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853 (7th Cir.2007) (emphasis removed). Plaintiff must allege with specificity Deutsche Bank's knowledge of the false statement, it is not enough to simply alleged Deustche Bank should have known or acted without regards to the truth. Indeed, based on Plaintiff's Complaint, it appears Deutsche Bank acted under the belief that Subject Matter Jurisdiction existed when it pursued the Second Foreclosure Case.[17] Moreover, Plaintiff admitted he executed the Promissory Note and Mortgage, that he defaulted and nothing in Judge Guzman's opinion voided either document.[18] As a result, Plaintiff has failed to allege that Deutsche Bank can *never* pursue a foreclosure action or acted with actual knowledge that it lacked Subject Matter Jurisdiction when it filed the Second Foreclosure Case.

Likewise, Plaintiff has failed to properly plead damages in his fraud claim. While Plaintiff indicates he has "suffered damages including severe loss to his credit score, attorneys fees, stress, loss of sleep, fear of imminent loss of the real property, slander on title to the real property. . ." if such damages are true, they are attributable to Plaintiff's own default.[19] Indeed, because Plaintiff has admitted his default but has not been foreclosed on, Plaintiff is receiving

---

[17] e.g. Deutsche Bank filed two separate foreclosure actions after Mr. Elesh's default (Doc. 1, Ex. A – Complaint, ¶¶4-6); "Deutsche Bank relief on this assignment of mortgage. . ." (Doc. 1, Ex. A – Complaint, ¶); "Plaintiff Elesh paid the arrearage and was current on the mortgage in 2011 after he was served a summons and Complaint [of the First Foreclosure Case]" (Doc. 1, Ex. A – Complaint, ¶5).

[18] Doc. 1, Ex. A – Complaint, ¶1; Case No. 12-03644, Doc. 6 ¶9 - Mr. Elesh's Answer to Deutsche Bank's Complaint; Case No. 12-03644, Doc. 56 – Mr. Elesh's Rule 56.1 Statement of Facts ¶9; Case No. 12-03644, Doc. 65 – Opinion and Order.

[19] Doc. 1, Ex. A – Complaint, ¶29. In addition, Mr. Elesh has kept the homeowner's insurance and property taxes completely current himself since his default so Mr. Elesh is also receiving a benefit in that regard.

the benefit of having no resulting foreclosure sale in a property in which Plaintiff does not live.[20] The damages in which Plaintiff complains of are directly related to his lack of payments, regardless of whether Deutsche Bank commenced a foreclosure action. For these and the above reasons, Plaintiff's Count II for Fraud fails to state a claim for relief and must be dismissed.

**III. PLAINTIFF'S COUNT III MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO MEET MINIMUM PLEADING STANDARDS AND HIS ALLEGATIONS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Finally, Plaintiff's Count III for violations of the FDCPA must be dismissed for his failure to meet minimum pleading standards.

For the FDCPA to apply, a Plaintiff must allege two threshold criteria. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). First, the defendant must qualify as a "debt collector," which the FDCPA defines as any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. citing § 1692a(6). Second, the communication by the debt collector that forms the basis of the suit must have been made "in connection with the collection of any debt." *Id*. citing §§ 1692c(a)–(b), 1692e, 1692g.

Here, Plaintiff fails to meet the minimum pleading standard. Plaintiff does not allege whether Deutsche Bank is a debt collector or whom Deutsche Bank is collecting on behalf of. Indeed, both the First and Second Foreclosure Actions were filed in Deutsche Bank's name as alleged by Plaintiff and not on behalf of another.[21] By failing to even allege how Deutsche Bank is subject to the FDCPA or collecting a debt on another's behalf, Plaintiff's Count III fails to state a claim for relief. *Aubert v. American General Finance, Inc*., 137 F.3d 976, 978 (7th

---

[20] Case No. 12-03644, Doc. 56 – Mr. Elesh's Rule 56.1 Statement of Facts ¶9.
[21] Doc. 1, Ex. A – Complaint, ¶¶4, 6.

Cir.1998) ( "[c]reditors who collect in their own name and whose principal business is not debt collection ... are not subject to the [FDCPA]") *Hardaway v. CIT Grp./Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 683 (N.D. Ill. 2011) (finding lender who brought foreclosure action in its name was collecting on its own debt). Moreover, Plaintiff fails to specify what section of the FDCPA Deutsche Bank allegedly violated. Indeed, Plaintiff mentions the FDCPA only once and cites no actual statute.[22] As such, Plaintiff has failed to meet even the most minimal pleading standards by alleging how Deutsche Bank is a debt collector under the FDCPA or what communications were made in an attempt to collect a debt in violations of the FDCPA.

Furthermore, assuming Plaintiff's allegations as true in that the filing of the foreclosure complaints violated the FDCPA, Plaintiff's claims are barred by the FDCPA one- year statute of limitation. The FDCPA requires that claims be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k. "Where an FDCPA violation arises out of a collection lawsuit ... the circuit courts that have ruled on the issue agree that the clock starts when the allegedly wrongful litigation begins." *Hardaway*, 836 F. Supp. 2d 677 at 684 citing *Judy v. Blatt, Hasenmiller, Leibsker and Moore, LLC*, 2010 WL 431484, at *3 (N.D.Ill. Jan. 29, 2010). Here, the First Foreclosure Complaint was filed on February 22, 2011 and the Second Foreclosure Complaint was filed on May 11, 2012.[23] Mr. Elesh filed the current suit in state court on May 29, 2013.[24] As a result, any FDCPA violations that occurred for Deutsche Bank's action in pursuing two foreclosure actions are time-barred by the FDCPA statute of limitations under 15 U.S.C. § 1692k. For these and the above reasons, Plaintiff's Count III for FDCPA violations must be dismissed for failure to state a claim.

---

[22] Doc. 1, Ex. A – Complaint, ¶36.
[23] See Case No. 11-1255, 12-3644.
[24] Doc. 1, Ex. A – Summons and Complaint.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests this Court grant its Motion to Dismiss, award costs and fees for having to defend the matter and for any other relief as may be proper.

    Respectfully Submitted,

    Morris, Laing, Evans, Brock & Kennedy Chtd.

    */s/ Justin F. Carter*
    Justin F. Carter (23358)
    Morris, Laing, Evans, Brock & Kennedy, Chtd.
    1 E. Wacker Drive
    Suite 2500
    Chicago, IL 60601
    P: 316-383-6492
    F: 316-383-6592
    jcarter@morrislaing.com